UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
DEC 1 8 2025
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.  INDICTMENT NO. 5:25CR159-KKC-EBA

L.C. OUTLAW

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 21 U.S.C. § 841(a)(1)

On or about May 30, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**L.C. OUTLAW**

did knowingly and intentionally distribute a quantity of a mixture or substance containing fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### COUNT 2
### 21 U.S.C. § 841(a)(1)

On or about June 10, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**L.C. OUTLAW**

did knowingly and intentionally distribute 40 grams or more of a mixture or substance containing fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C.

§ 841(a)(1).

Before **L.C. OUTLAW** committed the offense charged in this count, he had a final conviction for a serious drug felony, namely, possession of a Schedule II (methamphetamine) with intent, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT 3
## 21 U.S.C. § 841(a)(1)

On or about June 18, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**L.C. OUTLAW**

did knowingly and intentionally distribute 40 grams or more of a mixture or substance containing fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **L.C. OUTLAW** committed the offense charged in this count, he had a final conviction for a serious drug felony, namely, possession of a Schedule II (methamphetamine) with intent, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT 4
## 21 U.S.C. § 841(a)(1)

On or about June 25, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**L.C. OUTLAW**

did knowingly and intentionally possess with an intent to distribute 40 grams or more of a mixture or substance containing fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **L.C. OUTLAW** committed the offense charged in this count, he had a final conviction for a serious drug felony, namely, possession of a schedule II (methamphetamine) with intent, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT 5
## 21 U.S.C. § 841(a)(1)

On or about June 25, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**L.C. OUTLAW**

did knowingly and intentionally possess with an intent to distribute a quantity of mixture or substance containing methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 6
## 18 U.S.C. § 922(g)(1)

On or about June 25, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**L.C. OUTLAW,**

knowing that he was convicted in a court of a crime punishable by imprisonment for a term

exceeding one year, did knowingly possess firearms, firearms, to wit; 1) a Smith & Wesson pistol model: SD40 VE, 40 caliber, serial number HEF5548; 2) a Taurus pistol model: PT-709 Slim, 9 mm Para, serial number TKP45979; and 3) a Sig Sauer pistol model: SIG M400, 5.56 NATO caliber, serial number 20K045752, in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(1).

## FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853
### 18 U.S.C. § 924(d)
### 28 U.S.C. § 2461

1. By virtue of the commission of the felony offenses alleged in Counts 1-5 of the Indictment, **L.C. OUTLAW** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **L.C. OUTLAW** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offense alleged in Count 6 of the Indictment, **L.C. OUTLAW** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation of 18 U.S.C. § 922. Any and all interest that **L.C. OUTLAW** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**
$20,506.00 U.S. currency.

**FIREARMS AND AMMUNITION:**

a. Smith & Wesson pistol model: SD40 VE, 40 caliber, serial number HEF5548;

b. Taurus pistol model: PT-709 Slim, 9 mm Para, serial number TKP45979;

c. Sig Sauer pistol model: SIG M400, 5.56 NATO caliber, serial number 20K045752;

d. SKS rifle seized from 3518 Danada Drive, Lexington, KY, on or about June 25, 2024; and

e. All associated ammunition.

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court, (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

███████████████████
FOREPERSON

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

# PENALTIES

**COUNTS 1 & 5:** Not more than 20 years imprisonment, a $1,000,000.00 fine, and at least 3 years supervised release.

**COUNTS 2, 3 & 4:** Not less than 5 years and not more than 40 years imprisonment, a $5,000,000.00 fine, and at least 4 years supervised release.

**If prior serious drug felony offense:** Not less than 10 years imprisonment and more than life imprisonment, not more than an $8,000,000.00 fine, and at least 8 years of supervised release.

**COUNT 5:** Not more than 20 years imprisonment, a $1,000,000.00 fine, and at least 3 years supervised release.

**COUNT 6:** Not more than 15 years imprisonment, a $250,000.00 fine, and not more than 3 years supervised release

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture, if applicable.

**PLUS:** Restitution, if applicable.